# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI A. MENDEZ,<br><br>  Plaintiff,<br><br> v.<br><br>BANK OF AMERICA, N.A.,<br><br>  Defendant. | Case No. 1:17-cv-01509-LJO-SAB<br><br>ORDER RE BRIEFING SCHEDULE FOR DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS |

Plaintiff Lori A. Mendez filed this action against Defendant Bank of America, N.A. on November 9, 2017. On February 9, 2018, Defendant filed a motion to dismiss on the ground that the complaint was not filed within the statute of limitations period. Defendant's motion is currently set for oral argument on March 21, 2018. On February 19, 2018, Plaintiff filed an opposition to the motion to dismiss.

Defendant moved to dismiss the first amended complaint on the ground that Plaintiff was not entitled to benefit from the discovery rule to extend the statute of limitations. In her opposition, Plaintiff Plaintiff includes a single paragraph stating that she is entitled to tolling due to the pendency of a class action asserting claims substantially similar to those here. While Plaintiff cites to American Pipe and Construction Co. et al., v. Utah, 414 U.S. 538, 94 S. Ct. 756 (1974), the rule in American Pipe applies within the federal court system in federal question class actions and protects a plaintiff who has relied on the filing of a prior class action to

1

vindicate the right in question. Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1024-25 (9th Cir. 2008). However, Plaintiff has raised only a state law fraud claim in this action.

A federal court sitting in diversity applies state law to the question of tolling of state law claims. Walker v. Armco Steel Corp., 446 U.S. 740, 753 (1980); Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 534 (1949); Guar. Tr. Co. of N.Y. v. York, 326 U.S. 99, 112 (1945); Albano v. Shea Homes Ltd. P'ship, 634 F.3d 524, 530 (9th Cir.), certified question answered, 227 Ariz. 121, 254 P.3d 360 (2011). Therefore, the Court looks to state law to determine if the filing of a federal class action would toll the limitations period for Plaintiff's individual claims in this action. Clemens, 534 F.3d at 1025.

In her opposition, Plaintiff has not addressed whether California would apply American Pipe tolling to her claims in this action. Under California law, "[a] trial court may . . . apply tolling to save untimely claims." Batze v. Safeway, Inc., 10 Cal.App.5th 440, 483 (2017), as modified on denial of reh'g (May 3, 2017), review denied (July 19, 2017). To do so, the court must address "two major policy considerations." Batze, 10 Cal.App.5th at 483. First, "protection of the class action device,' which requires the court to determine whether the denial of class certification was 'unforeseeable by class members,' or whether potential members, in anticipation of a negative ruling, had already filed' 'protective motions to intervene or to join in the event that a class was later found unsuitable,' depriving class actions 'of the efficiency and economy of litigation which is a principal purpose of the procedure.' " Id. (citations omitted). Secondly, "effectuation of the purposes of the statute of limitations," [which] requires the court to determine whether commencement of the class suit " 'notifie[d] the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment.' " Batze, 10 Cal.App.5th at 483 (citations omitted).

Accordingly, the Court shall require Defendant to address whether Plaintiff is entitled to American Pipe tolling under California law in their reply. Plaintiff shall be given the opportunity to file a surreply solely on this issue if she so desires.

///

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant shall file a reply which includes legal analysis on whether <u>American Pipe</u> tolling would be applied under California law to the claims in this action on or before March 9, 2018;

2. Plaintiff may file a surreply limited to whether <u>American Pipe</u> tolling would be applied under California law to the claims in this action on or before March 14, 2018.

IT IS SO ORDERED.

Dated: **March 1, 2018**

UNITED STATES MAGISTRATE JUDGE

3