# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI A. MENDEZ, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | Case No. 1:17-cv-01509-LJO-SAB <br><br> ORDER RE MARCH 21, 2018 HEARING |

Plaintiff Lori A. Mendez filed this action against Defendant Bank of America, N.A. on November 9, 2017. Currently pending before the Court is Defendant's motion to dismiss which was referred to the undersigned for findings and recommendations. A hearing on the motion is set for March 21, 2018 at 3:30 p.m. in Courtroom 9.

The Court required the parties to submit supplemental briefing regarding whether American Pipe[1] tolling would apply to the claims in this action under California law. The parties both argued that American Pipe would apply to the claims. However, in Clemens v. DaimlerChrysler Corp., 534 F.3d 1017 (9th Cir. 2008), the Ninth Circuit held that "[t]he rule of American Pipe—which allows tolling within the federal court system in federal question class actions—does not mandate cross-jurisdictional tolling as a matter of state procedure." Id. at 1025. Therefore, the Ninth Circuit found that the filing of a class action in another jurisdiction

---

[1] American Pipe and Construction Co. et al., v. Utah, 414 U.S. 538 (1974).

did not toll the statute of limitations on the plaintiff's fraud claim under California law. Id. The Ninth Circuit has since held that Clement forecloses the application of American Pipe to California state law claims filed in federal court, but does not reject application of California's equitable tolling doctrine. Hatfield v. Halifax PLC, 564 F.3d 1177, 1188 (9th Cir. 2009). Accordingly, in considering whether the class action filed in George v. Urban Settlement Services, No. 1:13-cv-01819-PAB-KLM (D.Colo.), the Court is to apply California's equitable tolling doctrine, not American Pipe tolling. Hatfield, 564 F.3d at 1190; Centaur Classic Convertible Arbitrage Fund Ltd., 878 F.Supp.2d at 1017.

The California Supreme Court has held that the application of the equitable tolling doctrine "requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." Addison v. State of California, 21 Cal.3d 313, 319 (1978). California applies equitable tolling where the injured individual has several legal remedies and reasonably and in good faith pursues one. McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal.4th 88, 100 (2008). A plaintiff who wishes to pursue a claim based on equitable tolling under California law must have actually relied on the use of some other legal mechanism to vindicate her rights. Hendrix v. Novartis Pharm. Corp., 975 F.Supp.2d 1100, 1114 (C.D. Cal. 2013), aff'd, 647 F. App'x 749 (9th Cir. 2016) (citing Addison, 21 Cal.3d at 317 and McDonald, 45 Cal.4th at 100).

Accordingly, the parties shall be prepared to address at the March 21, 2018 hearing whether Plaintiff's conduct in filing this action would be considered reasonable and good faith in applying California's equitable tolling doctrine.

IT IS SO ORDERED.

Dated: __March 19, 2018__

_____
UNITED STATES MAGISTRATE JUDGE